UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3061-BO

FILED
AUG 0 3 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

| | | |
|---|---|---|
| LARRY ONEAL PIERCE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SHERIFF EARL BUTLER, et al., | ) | |
| Defendants. | ) | |

On April 26, 2010, plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, plaintiff was in custody at the Cumberland County Detention Center. A motion for summary judgment was filed on January 14, 2001. Plaintiff filed responses on February 7 and 17, 2011. The matter is ripe for determination.

Plaintiff's allegations stem from his housing at the Cumberland County Detention Center. Plaintiff was placed in "an open pod" wherein he contends three inmates had been diagnosed with MRSA thus placing plaintiff's health at serious risk. Plaintiff alleges he expressed his concerns to defendants. Given the allegations, the court construes the issue as a conditions-of-confinement or deliberate indifference claim.

The affidavits and attachments show that defendants Sheriff Butler and the Chief Jailer along with the subordinate personnel of the CCDC are concerned about the health and well-being of all individuals confined in the facility. (D.E. # 17, Aff. , Archie Malloy ¶ 13) The CCDC and its employees have promulgated policies to provide healthcare to detainees, including a policy that healthcare providers must consider detainee concerns and complaints and make a reasonable medically and scientifically supported determination about treatment to be offered or withheld. (Id.)

Both the Cumberland County Detention Center personnel and Nurse Malloy, upon looking into plaintiff's concerns, concluded plaintiff was not exposed to MRSA as a result of his confinement, and that there was no known risk of exposure. (Id. at ¶ 15) The records show that at no time during plaintiff's confinement did he exhibit any signs or symptoms associated with MRSA, nor did he contract the MRSA infection. In addition, the detention center did not observe such an infection as it related to any matters connected to Mr. Pierce or those in proximity to him. (Id. at ¶ 16)

The affidavit of Nurse Malloy further shows that in one (on April 22, 2010) response to plaintiff's grievance it was stated: "your health and welfare is very important to us. The medical office is aware of [your] concerns and [there] are not any known threats of you becoming infected at this time," (Id.) However, the affidavit continues that "[c]ommunicating this information to the Plaintiff did not prevent continued complaints by the Plaintiff on this matter. Plaintiff was seeking confirmation of suspected ailments affecting fellow inmates who, Plaintiff believed, were infected by MRSA. Plaintiff was told that discussion of others' alleged ailments would not be possible due to HIPAA privacy and security rules." (Id. ¶ 17 and 18)

Plaintiff's medical records show no indication of MRSA or that plaintiff suffered any serious medical condition. (Id. ¶ 19) While Mr. Pierce disagreed with the examination and conclusions of the physician that Mr. Pierce did not have arthritis, Plaintiff Pierce was provided with medications and healthcare directives. (Id. ¶ 20) With respect to his concerns of MRSA, he was instructed and given information and directives through signs posted visibly within the detention center. (Id. ¶ 21) "There are facilities and procedures for handwashing, showers, and other matters of hygiene readily available to each detainee and they are admonished and

encouraged to use them." (Id.) CCDC applies, and is in compliance with, all recommended safety precautions, as provided in applicable government guidelines for the control and prevention of MRSA. (Id. ¶ 22)

Summary judgment is appropriate when there exists no genuine issue of any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id. at 250. Furthermore, although the court is required to draw any inferences from the underlying facts which are favorable to the nonmovant, inferences may be drawn only from facts for which the nonmovant offers Rule 56 proof (rather than mere allegations); and must be reasonable in light of competing inferences to the contrary. See Sylvia Development Corp. v. Calvert County, 48 F.3d 810, 817-18 (4th Cir. 1995).

The rights of a pretrial detainee complaining of inadequate medical care under the Fourteenth Amendment "are at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983). To prevail on a claim of inadequate medical care, Pierce must show acts or omissions sufficiently harmful to constitute deliberate indifference to the inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Scarbro v. New Hanover Cnty, 374 Fed. A'ppx 366, 370 (2010) (unpublished).

Therefore, one must first show that the injury was objectively serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Next, that defendants subjectively knew of the serious medical need of plalintiff. Id. at 834-35. A factfinder may infer that a prison official knew of a substantial risk

3

of harm from the fact that the risk was obvious, id. at 842, or from the fact that the inmate's need for medical attention was " 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (citation omitted). Finally, Pierce must show that defendants acted with deliberate indifference to Pierce's serious medical need. Farmer, 511 U.S. at 835. An officer can be held liable for deliberate indifference only where "the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837; see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (citation omitted) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.' "). Scarbro, 374 Fed. App'x at 370-371.

Here, plaintiff is not able to meet this test. Given MRSA is a serious medical condition, even if plaintiff could show he had been exposed to MRSA, plaintiff would still need to show that defendants acted with deliberate indifference in their behavior. Nothing in the record indicates that defendants failed to follow the facilities' protocol, or that the protocol itself was unreasonable.

The Court of Appeals for the Seventh Circuit has stated that the Eighth Amendment does not provide prisoners with "a specific treatment and foolproof protection from infection" and that when infectious disease control procedures are followed in a prison, "that infection may occur and even that isolated mistakes might be made despite the procedures and reasonable care does not make the defendants liable." Forbes v. Edgar, 112 F.3d 262, 266-267 (7th Cir.1997). While plaintiff was concerned that a known MRSA outbreak was within CCDC, and specifically in his open pod, the record indicates otherwise. Further while Pierce asserts that defendants failed to

take steps to protect uninfected inmates, the record also indicates otherwise. Many policies and procedures were in place to protect inmates from contracting MRSA. In fact, Pierce did not contract MRSA. Furthermore, the staff continually responded to Pierce's concerns. This does not amount to deliberate indifference to a substantial risk of harm. Plaintiff must allege facts sufficient to conclude that defendants acted with a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer, 511 U.S. at 835.; Parker v. Cumberland County Dept. of Corrections, 2010 WL 4746210 *6 (D.N.J. 2010). Plaintiff has failed to do so.

Lastly, any other complaints he had regarding medical care, were at most a disagreement with this treatment plan, which is not actionable. Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985) (holding that "[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not sufficient to raise an Eighth Amendment claim for purposes of 42 U.S.C. § 1983); Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir.2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation."); Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir.2010) (same); Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988) (same); Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Summary judgment for defendants is ALLOWED.

Accordingly, defendants' motion (D.E. # 17) is GRANTED and the case is CLOSED.

SO ORDERED, this the 3 day of August 2011.

TERRENCE W. BOYLE
United States District Judge